

ATTEST:
A TRUE COPY CERTIFIED
Scott L. Poff, Clerk
United States District Court

*By crobinson at 2:52 pm, Jan 29, 2020*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| DOMINIQUE D. MIKEL,<br><br>    Plaintiff,<br><br>    v.<br><br>SMITH T.C.; and SMOKE,<br><br>    Defendants. | CIVIL ACTION NO.: 6:20-cv-7 |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Jenkins Correctional Center in Millen, Georgia, filed a 42 U.S.C. § 1983 cause of action. Doc. 1. For the following reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint based on his failure to exhaust his administrative remedies, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1] I **DENY** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court. Doc. 2.

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a

**BACKGROUND**

In his Complaint, Plaintiff asserts he was accused of drinking at work and was fired without being given a breathalyzer or blood or urine test. Doc. 1 at 5. Plaintiff also asserts he was given two breathalyzers upon his return to Smith Transitional Center, both of which did not register the presence of alcohol. Id. Plaintiff states he was placed in administrative segregation for a day but did not receive a disciplinary report and that all of his property was taken "except [his] whites." Id. Plaintiff maintains Defendant Smoke and the superintendent did not explain why Plaintiff was being sent back to prison. Id.

**DISCUSSION**

**I.     Exhaustion**

   **A.     Legal Standard**

Under the Prison Litigation Reform Act ("PLRA"), an incarcerated individual must properly exhaust all available administrative remedies—the prison's internal grievance procedures—before filing a federal lawsuit to challenge prison conditions. 42 U.S.C. § 1997e(c)(1); see Jones v. Bock, 549 U.S. 199, 202 (2007); Harris v. Garner, 216 F.3d 970, 974 (11th Cir. 2000). The purpose of the PLRA's exhaustion requirement is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Whatley v. Warden, Ware State Prison (Whatley I), 802 F.3d 1205, 1208 (11th Cir. 2015) (quoting Woodford v. Ngo, 548 U.S. 81, 93 (2006)). Exhaustion is a mandatory requirement, and courts have no discretion to waive it or excuse it based on improper or imperfect attempts to exhaust, no matter how sympathetic the case or how special the circumstances. Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that the PLRA requires

---

reasonable opportunity to respond).

exhaustion "irrespective of any 'special circumstances'" and its "mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account"); Jones, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

Failure to exhaust administrative remedies is an affirmative defense, and inmates are not required to specially plead or demonstrate exhaustion in their complaint. Jones, 549 U.S. at 216; Pearson v. Taylor, 665 F. App'x 858, 867 (11th Cir. 2016); Whatley I, 802 F.3d at 1209. "A district court may dismiss an action sua sponte, however, if an affirmative defense—including failure to exhaust—appears on the face of the complaint." Booth v. Allen, 758 F. App'x 899, 901 (11th Cir. 2019) (citations omitted).

### B. Georgia Department of Corrections' Grievance Procedures

The Georgia Department of Corrections' general grievance policies are set out in Standard Operating Procedure ("SOP") IIB05-0001. Whatley I, 802 F.3d at 1208. SOP IIB05-0001 contains the policy for general grievances, including grievances for excessive force and retaliation. See Whatley v. Smith (Whatley II), 898 F.3d 1072, 1074 (11th Cir. 2018) ("To exhaust administrative remedies under the Georgia Department of Corrections Standard Operating Procedures ("SOP"), inmates must follow the . . . prison grievance process outlined in SOP IIB05-0001."). Under SOP IIB05-0001, inmates may "file a grievance about any condition, policy, procedure, or action or lack thereof" which "affects the offender personally" and which is not explicitly listed in the SOP as a "non-grievable issue."

Under SOP IIB05-0001, inmates must file grievances within 10 days of becoming aware of the facts from which the grievance arises. Whatley II, 898 F.3d at 1075; Shaw v. Toole, No. 6:14-CV-48, 2015 WL 4529817, at *5 (S.D. Ga. July 27, 2015). The grievance is screened by a

3

Grievance Counselor, who determines whether to accept the grievance for processing. Shaw, 2015 WL 4529817, at *5. If the grievance is accepted for processing, the warden has 40 days to review the grievance and determine whether to grant or deny it. Id. If a grievance goes unanswered, the inmate may appeal the non-response after the warden's time to answer expires. Id. ("An inmate can file an appeal with the Commissioner's Office in the following instances: if the grievance coordinator rejects his original grievance; after the warden responds to the original grievance; or when the time allowed for the warden's decision has expired."); see also Whatley I, 802 F.3d at 1208 ("If the warden does not respond within forty days . . . the prisoner may appeal[.]").

    **C.**    **Plaintiff's Efforts at Exhaustion**

Plaintiff's Complaint reveals on its face that he failed to exhaust his administrative remedies, and therefore, merits dismissal of his Complaint. Booth, 758 F. App'x at 901. Plaintiff executed his Complaint on December 16, 2019. Plaintiff contends he filed a grievance, and his grievance was still pending at the time he executed his Complaint. Doc. 1 at 3. Additionally, Plaintiff admits he did not appeal his grievance to the highest level. Id. at 4. In other words, rather than exhausting his remedies as required, Plaintiff filed a grievance and then filed suit in federal court.

Plaintiff's suit should be dismissed. The PLRA requires exhaustion of administrative remedies before filing suit. 42 U.S.C. § 1997e(c)(1). Plaintiff failed to exhaust his administrative remedies. Furthermore, Plaintiff cannot show administrative remedies were unavailable to him, as he admits his grievance was still pending at the time he executed his Complaint.

4

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint for his failure to exhaust his available administrative remedies.

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[2]   Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.   Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.   28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).   Good faith in this context must be judged by an objective standard.   Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).   A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.   See Coppedge v. United States, 369 U.S. 438, 445 (1962).   A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.   Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).   An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."   Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.   Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

---

[2]    A certificate of appealability is not required in this § 1983 action.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint based on his failure to exhaust his administrative remedies, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff *in forma pauperis* status on appeal.   I **DENY** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court.   Doc. 2.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.   Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.   Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).   A copy of the objections must be served upon all other parties to the action.   It is not necessary for a party to repeat legal arguments in objections.   The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.   11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.   Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.   Appeals may be made only from a final judgment entered by or at the direction of a District Judge.   The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 29th day of January, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA